UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR.,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL MARTEL, Warden,<br><br>Respondent. | No. 2:19-cv-2321 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a California state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action proceeds on a petition challenging a 2018 prison disciplinary finding in which petitioner was found guilty of battery on a peace officer and forfeited 150 days of good-time credits. ECF No. 1. Respondent has answered, ECF No. 11, and petitioner has filed a traverse, ECF No. 16. For the reasons that follow, the undersigned recommends that the petition be summarily denied for lack of jurisdiction.

I.     BACKGROUND

Petitioner is serving an indeterminate sentence of 15 years to life sentence for oral copulation/sexual penetration with a child 10 years old or younger, as well as a determinate term of 12 years for two counts of lewd acts upon a child and one count of oral copulation. On May 17, 2018, there was an altercation between petitioner and Correctional Officer Ma. Petitioner subsequently received a rules violation report (RVR) charging him with battery. The officer

reported that petitioner had been agitated and was kicking a door, and that petitioner kicked the officer in the hand and wrist when he tried to intervene.  The officer took petitioner to the ground.

Because petitioner has a history of mental health issues, a staff assistant was assigned to help him participate in the disciplinary process.  Lodged Document 3 (ECF No. 12-3) at 3.  Petitioner was also assigned an Investigative Employee to assist him in collecting information and presenting evidence at the hearing.  The Investigative Employee interviewed petitioner, and drafted written questions for six witnesses.  Lodged Doc. 4 (ECF No. 12-4).  At the hearing, petitioner's witness questions were deemed irrelevant to charge at issue.  Lodged Document 3 (ECF No. 12-3) at 3.

A hearing on the RVR was held on June 22, 2018.  Petitioner was provided the opportunity to be heard, and he denied kicking CO Ma.  The hearing officer found petitioner guilty of battery of a peace officer.  The written statement of reasons cited the following evidence: (1) CO Ma's written report; (2) the written report of another CO, who had witnessed the incident; (3) a photograph of CO Ma's swollen hand; and (4) an injury report documenting a swollen area on CO Ma's hand.  Lodged Doc. 3 (ECF No. 12-3) at 6.

Petitioner filed an administrative appeal challenging the guilt finding, and exhausted his administrative remedies.  Lodged Docs. 5, 6 (ECF No. 12-5, 12-6).  He then filed habeas petitions in the San Joaquin County Superior Court, the California Court of Appeal, and the California Supreme Court, exhausting his state court remedies.  Lodged Docs. 7 through 12 (ECF No. 12-7 through 12-12).

## II.     THE FEDERAL PETITION

Petitioner presents five putative claims: (1) the refusal to permit videotape evidence at the disciplinary hearing violated prison regulations; (2) the refusal to permit witness testimony at the disciplinary hearing violated prison regulations; (3) the refusal to permit videotape and witness testimony violated petitioner's due process rights; (4) no evidence supports the finding of battery on a peace officer; and (5) petitioner is entitled to a new hearing with introduction of the videotape evidence and witness testimony.  ECF No. 1 at 7.

////

1                 III.     SCOPE OF FEDERAL HABEAS CORPUS JURISIDICTION

2       Claims in a federal habeas petition must lie at the core of habeas corpus in order to

3 proceed.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922,

4 931 (9th Cir. 2016) (en banc), cert. denied, 580 U.S. 1063 (2017).  Specifically, habeas

5 jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's

6 confinement.  Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d

7 1127, 1137 (9th Cir. 2018).  This requirement is readily met when a prisoner challenges his

8 conviction or sentence.  When the challenge is to internal prison disciplinary proceedings,

9 however, habeas jurisdiction exists only if success on petitioner's claims would necessarily result

10 in his speedier release from custody.  Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza,

11 334 F.3d 850, 859 (9th Cir. 2003).

12       The Ninth Circuit has found habeas jurisdiction lacking where a California petitioner was

13 serving an indeterminate sentence and had not been found suitable for parole.  Nettles, 830 F.3d

14 at 934-35.  In such circumstances, expungement of disciplinary findings and restoration of credits

15 might increase the likelihood of a future grant of parole, but would not guarantee parole or

16 otherwise "necessarily result in speedier release" under state law.  Id.

17                 IV.     DISCUSSION

18       This court can entertain petitioner's challenge to his 2018 prison disciplinary proceeding

19 only if its outcome has a necessary effect on the duration of petitioner's confinement.  See

20 Skinner v. Switzer, 562 U.S. 521, 525 & n.13 (2011) (federal habeas jurisdiction lies only where

21 success on claim would "necessarily spell speedier release from prison") (internal quotations

22 omitted).  A 150- day credit loss can have a "necessary" effect on the duration of confinement

23 only if there is an otherwise certain release date which is postponed as the result of credit

24 recalculation.  In California this requires either a determinate sentence or, in the case of an

25 indeterminately sentenced inmate, a prior finding of parole suitability.  See Nettles, 830 F.3d at

26 934-35.  Because petitioner is serving an indeterminate sentence of 15 years to life imprisonment,

27 and has not previously been found suitable for parole and granted a concrete release date, his

28 credit forfeiture can have no more than an attenuated or speculative relationship to the ultimate

duration of his incarceration.  See id. at 935 (because future parole suitability decisions turn on multiple factors, "the presence of a disciplinary infraction does not compel the denial of parole, nor does the absence of an infraction compel the grant of parole."); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (recognizing that relief which would improve future parole eligibility does not "*guarantee* parole or necessarily shorten… prison sentences by a single day.")

Because restoration of petitioner's forfeited good time credits would not "necessarily spell speedier release from prison," his challenge to the disciplinary hearing falls outside the core of federal habeas corpus.  See Nettles, 830 F.3d at 934-35.  The petition should be denied on that basis.

## CONCLUSION

For all the reasons explained above, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a U.S. District Judge to this action.

IT IS FURTHER RECOMMENDED that the petition for writ of habeas corpus be denied as outside this court's habeas jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4